STATE, MARTIN WYCKOFF, PROSECUTOR, v. JACOB V. CREVELING, COLLECTOR.

Assessors allowing a deduction, without a statement by the tax-payer, under oath or affirmation, are liable to indictment as for a misdemeanor.

On *certiorari*.

State, Wyckoff, pros., v. Creveling.

The prosecutor was assessed for a mortgage, by the assessor of the borough of Washington, in Warren county. The mortgage was upon the property of one Joseph F. Van Derveer. The mortgagor did not give, nor did the assessor require from him a true statement, in writing, under oath or affirmation, that the same was just and true of the several debts owing by the mortgagor, and which the mortgagor desired to be deducted from his assessment, nor any statement whatever, under oath or affirmation. The mortgagor merely requested the deduction.

It also appears that the prosecutor was not the owner of the mortgage at the time of the assessment, or at any time.

Application was made by the prosecutor to the commissioners of appeal for a reduction of the assessment for this mortgage; that the commissioners waived a statement under oath, and agreed to remit; that a day or two after the meeting of the commissioners the prosecutor received a notice that the tax was left standing against him.

Argued at November Term, 1877, before Justices SCUDDER, DIXON and REED.

For the prosecutor, *M. Wyckoff.*

For the defendant, *J. Vliet.*

The opinion of the court was delivered by

REED, J. It conclusively appears, in this case, that the prosecutor was assessed for the amount of a mortgage in which he had no interest whatever. The mortgage was made to another person, who was the owner upon the records of the county. Nor does it appear that the prosecutor had any interest in the instrument in any form.

He applied to the commissioners of appeal, and they waived any hearing of the matter, and intimated that the assessment for this mortgage would be remitted. They failed to do so. The prosecutor is in a position here to raise this

fatal objection to the assessment, and it invalidates it. Upon this ground alone the assessment must be set aside.

This result renders it unnecessary to decide the other question raised, but not argued, namely, whether the power to assess under the act of 1876, (*Rev.*, *p.* 1186, § 109,) is dependent upon a deduction legally claimed, under oath, by virtue of section seventy-eight of the tax act.

The question arises through the criminally negligent act of the assessor, in not requiring a statement under oath, before allowing the deduction. It is a too common violation of the terms of the act on the part of assessors, and renders them liable to indictment as for a misdemeanor, by the express terms of section seventy-eight of the tax act.

Let the assessment be vacated, with costs.